JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY EUGENE HAYNES,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>HOLM, et al,<br><br>　　　　Defendants. | Case No. ED CV 23-914 PA (MRW)<br><br>**ORDER DISMISSING ACTION**<br><br>**FRCP 41** |

　　　　The Court dismisses this action due to the failure of a <u>pro se</u> litigant to comply with court orders.

* * *

　　　　1.　　This is a prisoner civil rights action. Plaintiff Haynes formerly was a pretrial detainee in a Riverside County jail. In a complaint filed in May 2023, Plaintiff alleged that he was injured in a fight with other inmates at the jail. Plaintiff sought to sue various members of the jail staff for injuries that he incurred in the fight with the other inmates. (Docket # 1.)

2. Magistrate Judge Wilner issued a detailed order screening this action pursuant to 28 U.S.C. § 1915A. (Docket # 9.) The screening order dismissed Plaintiff's complaint for various procedural and substantive defects. The order gave Plaintiff permission to amend his complaint by August 31. Plaintiff failed to file an amended complaint by that date.

3. Judge Wilner then ordered Plaintiff to (1) show cause why the case should not be dismissed and (2) submit either an amended complaint or a request for voluntary dismissal of the action. (Docket # 12.) Plaintiff failed to file anything in response to this OSC.

4. Judge Wilner previously advised Plaintiff that his failure to respond to the screening order or the OSC would lead the Court to dismiss the action under Federal Rule of Civil Procedure 41.[1] (Docket # 11, 14 (citing Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 892 (9th Cir. 2019)).).

\* \* \*

5. Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).

6. Rule 41(b) specifically authorizes a court to dismiss a civil action when a plaintiff has not filed a required pleading "after being given leave to do so." Harris v. Magnum, 863 F.3d 1133, 1142 (9th Cir. 2017). Rule 41(b) applies when a court "mandate[s] the filing" of a pleading and "indicate[s] that failure to do so would result in dismissal" under the rule.

---

[1] At Plaintiff's request, the Clerk used the mailing address of Plaintiff's father (rather than Plaintiff's custody location) to send notices and orders. (Docket # 8, 10.) The U.S. Postal Service returned as "undeliverable" the screening order that the Clerk sent to the father's address. (Docket # 11.) The USPS did not return the OSC.

1 Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 892 (9th Cir. 2019).

7. Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

8. In the present action, the Court concludes that dismissal of the action is appropriate. Plaintiff failed to file an amended complaint in response to the Court's screening order. Plaintiff also failed to respond to the Court's order to show cause why the case should not be dismissed. Plaintiff's failure to file any response to the Court's orders demonstrates Plaintiff's lack of interest in advancing the action here.

9. By contrast, the Court, the defense, and the public have a strong interest in terminating this action. This is particularly true given that Plaintiff effectively chose not to pursue his case by failing to comply with the Court's screening order. Furthermore, because Plaintiff is a pro se litigant who has not advanced the action, no sanction short of dismissal will be effective in moving this case forward. Carey, 856 F.2d at 1440. The Court concludes that dismissal is appropriate under Rule 41(b). Applied Underwriters, 913 F.3d at 892.

10. Dismissal under Rule 41(b) ordinarily "operates as an adjudication on the merits" of a claim.  Therefore, the action is dismissed with prejudice.

IT IS SO ORDERED.

Dated: November 1, 2023    _____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE